**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARLOS ISRAEL ROMAN,

                  Plaintiff,

vs.                                   Case No. 6:17-cv-1392-Orl-40JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

                  Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

    Carlos Israel Roman ("Plaintiff") is appealing the Commissioner of the Social Security

Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits

("DIB"). Plaintiff's alleged inability to work is a result of attention deficit hyperactivity disorder,

post traumatic stress disorder ("PTSD"), "major depression," "suicidal [ideations]," insomnia,

a cervical strain, chronic gastritis, gastroesophageal reflux disease, esophagitis, "TBI,"[2] and

a hiatal hernia. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative

transcript"), filed October 27, 2017, at 74, 89, 249 (emphasis and capitalization omitted). On

---

[1]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2]      TBI likely stands for traumatic brain injury.

March 8, 2016, Plaintiff filed an application for DIB, alleging an onset disability date of December 12, 2015. Tr. at 224.[3] Plaintiff's application was denied initially, see Tr. at 72, 73-86, and was denied upon reconsideration, see Tr. at 87, 88-104.

On January 6, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 47-70. At the time of the hearing, Plaintiff was thirty-three years old. Tr. at 50-51. The ALJ issued a Decision on February 21, 2017, finding Plaintiff not disabled through the date of the Decision. Tr. at 30-40.

The Appeals Council then received a Request for Review of Hearing Decision/Order and additional evidence consisting of a brief authored by Plaintiff's counsel. Tr. at 5, 6; see Tr. at 223 (Request for Review/Order); Tr. at 362-66 (brief). On May 25, 2017, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On July 28, 2017, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises three issues: 1) "[w]hether the ALJ erred in determining that [Plaintiff] has the residual functional capacity [('RFC')] to perform light work with some additional non-exertional limitations after failing to adequately weigh and consider the opinion of [Plaintiff's] treating facility";[4] 2) "[w]hether the ALJ properly relied on the testimony of the [VE] after posing and relying on a hypothetical [that] did not accurately reflect [Plaintiff's]

---

[3]        Although actually completed on March 8, 2016, see Tr. at 224, the protective filing date of the application is listed elsewhere in the administrative transcript as March 7, 2016, see, e.g., Tr. at 74, 89.

[4]        Specifically, Plaintiff is referring to Plaintiff's disability rating assigned by the U.S. Department of Veterans Affairs ("VA").

limitations"; and 3) "[w]hether the ALJ erred in determining that [Plaintiff] has the [RFC] to perform light work with additional non-exertional limitations after failing to adequately assess [Plaintiff's subjective complaints]." Memorandum in Support of Plaintiff's Position (Doc. No. 21; "Pl.'s Mem."), filed February 26, 2018, at 10 (first issue), 14 (second issue), 19 (third issue). On May 30, 2018, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing the issues raised by Plaintiff. After a thorough review of the entire record and the parties' respective memoranda, the undersigned recommends that the Commissioner's final decision be reversed and remanded for further administrative proceedings because the ALJ erred in evaluating Plaintiff's subjective complaints and failed to adequately consider the VA's disability rating.

On remand, a proper evaluation of Plaintiff's subjective complaints (Plaintiff's third issue) and a proper consideration of the VA's disability rating (Plaintiff's first issue) may impact the ALJ's RFC determination, upon which the hypothetical to the VE (Plaintiff's second issue) was based. For this reason, the Court need not address Plaintiff's second issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ engaged in the five-step sequential inquiry. See Tr. at 32-40. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 12, 2015, the alleged onset date." Tr. at 32 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: gastroesophageal reflux disease, gastritis, headaches, a major depressive disorder, anxiety, and [PTSD]." Tr. at 32 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 33 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 404.1567(b) with these specific restrictions: He can never climb ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can frequently reach overhead; he must avoid concentrated exposure to workplace hazards; he can perform simple, routine, repetitive tasks with occasional changes in a routine work setting; he can occasionally interact with co-workers, but is limited to minimal, superficial interaction with the general public.

Tr. at 34-35 (emphasis omitted). At step four, the ALJ relied on the testimony of the VE and found that Plaintiff is "unable to perform any past relevant work." Tr. at 38 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("[thirty-two] years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 38-39 (emphasis and citation omitted). Specifically, the ALJ found that Plaintiff can perform the following jobs: "merchandise marker"; "router"; and "routing clerk." Tr. at 39. The ALJ concluded that Plaintiff "has not been under a disability . . . from December 12, 2015, through the date of th[e D]ecision." Tr. at 40 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

First, the ALJ's evaluation of Plaintiff's subjective complaints (Plaintiff's third issue) is addressed. Then, the undersigned discusses whether the ALJ properly considered the VA's disability rating (Plaintiff's first issue).[6]

## A. Evaluation of Subjective Complaints

Plaintiff argues the ALJ "[did] not offer enough reasoning" in evaluating Plaintiff's subjective complaints. Pl.'s Mem. at 20. He asserts that the ALJ's use of boilerplate language was inappropriate and insufficient. See id. at 20-21. Responding, Defendant argues that "the ALJ discussed in considerable detail why Plaintiff's allegations could not be fully credited in light of the evidence of record . . . ." Def.'s Mem. at 15. According to Defendant, the ALJ relied on Plaintiff's activities of daily living, his course of treatment, his use of prescribed medication, and the objective findings. Id. at 16-17.

"[T]o establish a disability based on testimony of pain and other symptoms, the

---

[6]   As noted, the second issue raised by Plaintiff (regarding the VE hypothetical) is not addressed. See supra at p. 3.

claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The SSA recently issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." Social Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017).[7] "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an

---

[7]       There was a prior version of SSR 16-3P in place at the time of the ALJ's Decision. See SSR 16-3P, 2016 WL 1119029 (Mar. 16, 2016). The same relevant language quoted in this Report and Recommendation appears in this prior version. See id. at *1.

individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are only partially consistent with the medical evidence and other evidence in the record." Tr. at 38. In making this finding, the ALJ relied on "[t]he record as a whole," Plaintiff's course of medical treatment, the effectiveness of Plaintiff's treatment, the "objective findings," and Plaintiff's activities of daily living. Tr. at 37-38. Although the ALJ provided reasons for rejecting Plaintiff's assertions of subjective symptoms, as discussed below, these reasons are not supported by substantial evidence.

**1. Record as a Whole**

The ALJ's finding that the "record as a whole is not supportive of the degree of limitation alleged by [Plaintiff]," Tr. at 36, is not supported by substantial evidence. With respect to Plaintiff's mental impairments, the ALJ relied on two group counseling notes from

the VA (one dated December 16, 2015[8] and the other June 8, 2016). Tr. at 36; see Tr. at 1676-78 (December 16, 2015 note); Tr. at 2485-86 (June 8, 2016 note). According to the ALJ, these group counseling notes indicate Plaintiff "was in no acute psychological distress and denied suicidal or homicidal ideations." Tr. at 36. The ALJ cited no other evidence for her proposition that the "record as a whole" shows that Plaintiff's mental impairments are not as limiting as he alleges. See Tr. at 36.

Indeed, it is unclear whether the ALJ actually considered the record as a whole as the ALJ did not summarize any of the progress notes from the VA, and she cited only those portions of the VA treatment notes that show Plaintiff is doing well. See McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986) (finding that the ALJ cannot focus on evidence supporting his or her decision to the exclusion of contrary evidence). A complete review of the record paints a different picture. See, e.g., Tr. at 2010 (January 12, 2016 treatment note from the VA indicating Plaintiff is sleeping two to three hours a night and "gets nightmares/flashbacks"); Tr. at 1999 (February 3, 2016 treatment note from the VA indicating Plaintiff's "[a]ffect [was] restricted, at times tearful and congruent with mood/content/situation"); Tr. at 1973 (February 25, 2016 treatment note from the VA indicating Plaintiff's mood is "dysphoric and anxious"); Tr. at 2176 (May 4, 2016 treatment note from the VA indicating Plaintiff became "tearful" during the examination, and Plaintiff described his mood as "sentimental"); Tr. at 2477, 2479 (June 29, 2016 treatment note from the VA indicating Plaintiff's mood was "frustrated," his "nightmares continue to occur roughly 2-3 times per week," he "spends most of his time in his bed to reduce his anxiety," he "[e]ndorses both a generalized baseline level of daily anxiety as well as exacerbations in

---

[8]     The ALJ did not specify the date of the group counseling note, but she cited "Exhibit B5-F, page 36," which is part of a group counseling note dated December 16, 2015. See Tr. at 1677.


public places," and Plaintiff's affect was "dysphoric with fair range"); Tr. at 2452 (August 24, 2016 treatment note from the VA indicating Plaintiff "suffers from significant anxiety as soon as he gets into the car" to leave the house, and "[e]ndorses hypervigilance and an exaggerated startle response"); Tr. at 2716 (October 5, 2016 treatment note from the VA indicating Plaintiff's mood was "up and down" and his affect was "dysphoric with fair range"); Tr. at 2729 (November 16, 2016 treatment note from the VA indicating Plaintiff's wife and Plaintiff's psychiatrist are "concerned about [Plaintiff's] well-being," Plaintiff's "mood has been 'not good,'" "he continues to suffer from night sweats and tosses/turns in his sleep," his "energy [is] impaired with [Plaintiff] spending almost all of his time in his bed," and he "has been suffering from panic attacks on a daily basis").

Thus, the ALJ's finding that the record as a whole does not support Plaintiff's allegations regarding his mental impairments is not supported by substantial evidence. Moreover, although there is no rigid requirement that the ALJ specifically refer to every piece of evidence, the ALJ's failure to meaningfully address the medical records from the VA constitutes such a broad rejection that judicial review is frustrated. See Dyer, 395 F.3d at 1211.

**2. Course of Treatment**

As noted, in evaluating Plaintiff's subjective complaints, the ALJ also relied on Plaintiff's course of treatment. In doing so, the ALJ made the following observations: "There is indication of treatment in Tampa; this evidence suggests that [Plaintiff] is getting out of the house more than alleged or his treatment is less frequent than might be expected given his allegations related to the severity of his impairments." Tr. at 37. There are two problems with these observations.

First, Plaintiff's reports are not inconsistent with his ability to go to doctor's appointments. The ALJ did not cite or describe any allegations regarding how often Plaintiff leaves the house, so it is unclear what allegations the ALJ was referring to. At the hearing, Plaintiff testified that he does not leave the house alone and that he "does[ not] like to go out." Tr. at 55-56. In a questionnaire, Plaintiff was asked, "How often do you go outside?" and Plaintiff responded, "Not often." Tr. at 317. These reports regarding how often Plaintiff leaves his house are not inconsistent with the fact that he goes to doctor's appointments that are evidently a necessary part of his treatment. Moreover, in November 2016, Plaintiff indicated to his psychologist that "making [the] commute to Tampa for frequent visits is difficult"; he "discussed [with his psychologist] therapy options closer to home and was provided with education about the Vet Center close to his home." Tr. at 2747. Plaintiff "report[ed] discomfort going to [a non-VA clinic due to] most of the patients being civilians." Tr. at 2747. And according to a treatment note from June 2016, Plaintiff expressed that although his anxiety is exacerbated when he is in public places, "[t]he VA is somewhat easier to tolerate since it is filled with veterans . . . ." Tr. at 2477. The ALJ made no mention of these remarks. Thus, to the extent the ALJ found Plaintiff's treatment in Tampa inconsistent with his allegations, this finding is not supported by substantial evidence.

Second, it is unclear why the ALJ assumed that Plaintiff's treatment has been infrequent based on the fact that he receives treatment in Tampa. The administrative transcript is replete with medical records that reflect the frequency of Plaintiff's treatment. Indeed, these medical records indicate that Plaintiff's treatment has been far from infrequent, sometimes requiring multiple visits per month. Accordingly, to the extent the ALJ found that Plaintiff's appointments in Tampa are inconsistent with his reports of how often he leaves the

house or that Plaintiff's treatment has been infrequent, these findings are not supported by substantial evidence and do not constitute adequate reasons for the ALJ's rejection of Plaintiff's subjective complaints.

### 3. Effectiveness of Treatment

The ALJ also relied on the effectiveness of Plaintiff's treatment, particularly his use of prescription medication. Citing a group counseling note from March 2016, the ALJ found that Plaintiff is "satisfied with his current treatment." Tr. at 37; see Tr. at 2543 (group counseling note). The ALJ also observed that "the record does not suggest that [Plaintiff] fails to receive significant relief of symptoms with the use of medication." Tr. at 38. The ALJ listed the medications prescribed to Plaintiff, but she did not refer to any evidence to support her finding regarding the effect of these medications on Plaintiff. See Tr. at 38.

The ALJ's findings regarding the effectiveness of Plaintiff's treatment are not supported by substantial evidence. Contrary to the ALJ's findings, the record suggests that Plaintiff has not obtained any significant relief from his prescribed medications, especially in terms of his PTSD; and progress notes more recent than the March 2016 progress note cited by the ALJ show that Plaintiff was regularly dissatisfied with his treatment. See, e.g., Tr. at 2713-14 (October 5, 2016 progress note from the VA indicating that Plaintiff "feels worse" and "cites some benefit from [V]enlafaxine[9] but does not think it does enough"); Tr. at 2747 (November 1, 2016 treatment note from the VA indicating Plaintiff "report[ed] an exacerbation of PTSD . . . over the past month," but that the medication adjustments "were helpful for [his] anxiety"); Tr. at 2731 (November 16, 2016 progress note from the VA indicating that Plaintiff "continues to deal with a number of PTSD symptoms despite the recent changes to his

---

9        Venlafaxine is a medication used to treat depression. See Venlafaxine, MedicinePlus, https://medlineplus.gov/druginfo/meds/a694020.html (last visited July 12, 2018).

medication regimen" and that Plaintiff "was encouraged to consider voluntary hospitalization and/or the residential PTSD program at Bay Pines since his symptoms continue to progress"); Tr. at 2729 (November 16, 2016 progress note from the VA indicating that "the current treatment plan is not making much of a difference").[10]

### 4. Objective Findings and Activities of Daily Living

Finally, the ALJ's reliance on the objective findings and on Plaintiff's activities of daily living was also erroneous. The ALJ found that "objective findings do not support limitation[s] in excess of those included in the [RFC] in th[e Decision]," Tr. at 37, but she did not cite or refer to any such findings to support her conclusion. This boilerplate statement, without more, leaves the Court unable to determine whether this is an adequate reason to discredit Plaintiff. With respect to Plaintiff's activities of daily living, the ALJ noted that Plaintiff plays video games, watches television, shops on the computer, talks with family members on the telephone, and keeps appointments with the VA. Tr. at 37. According to the ALJ, "[t]his level of activity is inconsistent with [Plaintiff's] allegation of disability." Tr. at 37. The ALJ's finding that these five minor activities are inconsistent with a finding of disability is not supported by substantial evidence. See, e.g., Early v. Astrue, 481 F. Supp. 2d 1233, 1238 (N.D. Ala. 2007) (finding that "[t]he ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled").

---

[10]    A progress note from December 14, 2016 indicates that Plaintiff's "mood has been 'a little better'" due to the addition of Clonazepam, as well as it being the Christmas season, and that the Clonazepam "is partially helpful when his anxiety or anger gets to be too much." Tr. at 2722-23. These comments, however, do not show that Plaintiff has obtained significant relief from his treatment, especially in light of the multiple progress notes showing Plaintiff's dissatisfaction with his treatment. Moreover, the December 14, 2016 progress note does not indicate that Plaintiff's PTSD—which appears to be the area of most concern—had improved. See generally Tr. at 2722-26. Indeed, according to this progress note, "[t]he remainder of the session was spent talking about the Bay Pines PTSD program." Tr. at 2723.

**B. VA Rating**

Plaintiff argues that "[t]he ALJ did not provide adequate reasons for failing to provide the disability rating of the [VA] great weight." Pl.'s Mem. at 12. Responding, Defendant contends that "the ALJ discussed the evidence from the VA as a whole . . . ." Def.'s Mem. at 4. According to Defendant, the ALJ noted that Plaintiff received a disability rating from the VA, and that she "obviously concluded that the rating provided insight into Plaintiff's condition because [s]he found that Plaintiff's major depressive disorder, anxiety, and PTSD, as diagnosed by VA doctors, were severe impairments." Id. at 5 (citation omitted).

"'Although the V.A.'s disability rating is not binding on the [Commissioner of the SSA], it is evidence that should be given great weight.'" Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (quoting Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981));[11] see also 20 C.F.R. § 404.1504. The ALJ "is not required to give the VA's disability determination controlling weight . . . , [but] the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." Brown-Gaudet-Evans v. Comm'r of Soc. Sec., 673 F. App'x 902, 904 (11th Cir. 2016) (citation omitted).

Here, the ALJ gave "limited weight" to the VA disability rating on the ground that "the criteria used by the [VA] in making disability determinations . . . differs from the criteria used by the [SSA]." Tr. at 35; see Tr. at 1687 (December 3, 2015 medical record showing 100% service-connected disability rating). The reason provided by the ALJ for giving the rating

---

[11]     In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

"limited weight" does not convince the undersigned that the ALJ seriously considered the rating, especially in light of the ALJ's failure to properly address the VA's treatment notes and the other evidence of record. See supra at pp. 9-13; see also Brown-Gaudet-Evans, 673 F. App'x at 904 (reversing and remanding for proper consideration of a VA 100% unemployability rating recognizing that "[i]t is not disputed that the VA's 'disability' determination relies on a different criteria than the [SSA's] determination[; b]ut that does not mean that the ALJ can summarily ignore the VA's determination nor give it 'little weight'"). Thus, remand is required for further consideration of the VA disability rating.

### V. Conclusion

In accordance with the foregoing, it is hereby **RECOMMENDED THAT**:

1.      The Clerk of Court be directed to enter judgment pursuant to 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)     Reevaluate Plaintiff's subjective complaints, and if rejecting them, clearly articulate the reasons for doing so;
>
> (B)     Reevaluate Plaintiff's treatment notes from the VA, clearly indicating the weight assigned to the medical opinions they contain;
>
> (C)     Reevaluate the VA's disability rating, seriously considering and closely scrutinizing the VA's disability determination;
>
> (D)     Reevaluate, if appropriate, Plaintiff's residual functional capacity and the hypothetical to the VE; and

(E)     Take such other action as may be necessary to resolve this matter

properly.

2.      The Clerk be further directed to close the file.

3.      Plaintiff's counsel be advised that, in the event benefits are awarded on

remand, any § 406(b) fee application shall be filed within the parameters set forth by the

Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's

Fees Under 42 U.S.C. § 406(b)).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 25, 2018.


_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:

Honorable Paul G. Byron
United States District Judge

Counsel of record