**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CARLOS ISRAEL ROMAN,

           Plaintiff,

vs.                               Case No. 6:17-cv-1392-Orl-40JRK

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,
performing the duties and functions not
reserved to the Commissioner of
Social Security,

           Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C § 2412(d) (Doc. No. 28; "Motion"), filed September 19, 2018. In the Motion, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,673.25. Motion at 1. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2.

Plaintiff's counsel indicates a total of 39 hours were expended in the representation of Plaintiff before the Court in 2017 and 2018. Id. at 1; Memorandum Supporting Unopposed Amended Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C § 2412(d) (Doc. No. 28-1; "Memorandum") at 2-3; Declaration and Schedule

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

of Hours of Shea A. Fugate (Doc. No. 28-2) at 3-4. Plaintiff requests an hourly rate of $196.75. Motion at 1; Memorandum at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[2]

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. Assignment of EAJA Fee (Doc. No. 28-3). Plaintiff represents as follows:

> [I]f Plaintiff owes a debt that qualifies under the Treasury Offset Program (31 USC Sec. 3716) any balance remaining after the EAJA award is applied to the debt . . . shall be made payable to Plaintiff and delivered to Plaintiff's attorney. But, if the United States Department of Treasury determines that Plaintiff does not owe a debt that the subject to offset, . . . Plaintiff requests that the government accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.

Motion at 2. To the extent that Plaintiff asks for the Court to order the Commissioner to accept the assignment upon verification that he does not owe a federal debt, the trend appears to be toward declining to do so, instead leaving the matter solely to the discretion of the Commissioner. See, e.g., Clarke v. Berryhill, No. 6:17-cv-616-Orl-40JRK, 2018 WL 2181621, at *1-2 (M.D. Fla. May 10, 2018) (Report and Recommendation) (Kelly, J.),

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited September 21, 2018). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-OC-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

adopted, Order (Doc. No. 31) (M.D. Fla. May 11, 2018) (Byron, J.); McDonald v. Berryhill, No. 6:16-cv-1150-Orl-37JRK, 2017 WL 2992060, at *1-2 (M.D. Fla. July 14, 2017) (Dalton, J.); Cuthbertson v. Berryhill, No. 6:15-cv-2062-Orl-41JRK, Order (Doc. No. 30) (M.D. Fla. June 1, 2017) (Mendoza, J.). Accordingly, the undersigned declines to recommend ordering acceptance of the assignment.

In light of the foregoing, it is

**RECOMMENDED**:

1. That the Unopposed Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C § 2412(d) (Doc. No. 28) be **GRANTED** to the extent that the Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant for attorneys' fees in the amount of $7,673.25 pursuant to 28 U.S.C. § 2412(d).

2. That the Motion otherwise be **DENIED**.

3. That the Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on September 24, 2018.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Paul G. Byron
United States District Judge

Counsel of Record